IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| MELANIE DEBOE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-06180-SRB |
| | ) | |
| SHERRIE KORNEMAN, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants Sherrie Korneman, Ryan Crews, Ryan Brownlow, Brandy Hurt, Brian Deshon, and Andrew Fritzinger's (collectively, "Moving Defendants") Motion for Summary Judgment. (Doc. #74.) For the reasons stated below, the motion is GRANTED.

**I.    BACKGROUND**

This lawsuit arises out of the death of Christopher Deboe ("Deboe"), who was stabbed by fellow inmate Laurance Logan ("Logan") while incarcerated at the Western Reception Diagnostic and Correctional Center ("WRDCC") operated by the Missouri Department of Corrections. Plaintiff Melanie Deboe ("Plaintiff") is the surviving spouse of Deboe. Plaintiff sues Sherrie Korneman ("Korneman"), the then-acting Assistant Supervisor of the WRDCC, Ryan Crews ("Crews"), the then-acting Supervisor of the WRDCC, and Ryan Brownlow ("Brownlow"), the current-acting Supervisor of the WRDCC. Korneman is sued in her individual capacity, Crews is sued in both his individual and official capacities, and Brownlow is sued in his official capacity. Plaintiff also sues Brandy Hurt ("Hurt"), Andrew Fritzinger ("Fritzinger"), Cole A. Reed ("Reed"), Brian Deshon ("Deshon"), McCarty[1], and Wesley

---

[1] The Amended Complaint nor the Summary Judgment briefings identify McCarty's first name.

Deweese ("Deweese"), all of whom are or were correctional officers at WRDCC. Plaintiff alleges Moving Defendants violated Deboe's Eighth Amendment rights by failing to protect him from harm by Logan and failing to provide medical treatment after the stabbing. The following facts are taken from the record and are either uncontroverted or deemed uncontroverted by the Court.

Logan is violent offender and white supremacist. Prior to the incident giving rise to this lawsuit, Logan had also been recorded on a phone planning to manufacture a weapon from the leg of a desk from the prison. The Moving Defendants produced evidence to show they did not have knowledge that Logan had made this call, nor that Logan had planned to manufacture a weapon. They also produced evidence to show they were not aware that Logan was an avowed white supremacist. At approximately 7:54 p.m. on December 9, 2015, Logan assaulted Deboe with the weapon. Deboe later died from his injuries.

Plaintiff subsequently filed this lawsuit under 42 U.S.C. § 1983. Plaintiff asserts that the Moving Defendants violated Deboe's Eighth Amendment civil rights by their: failure to use adequate procedures, deliberate indifference and/or gross negligence (Count I, against Moving Defendants); failure to train (Count II, against the supervisors); negligent assignment (Count III, against the supervisors); negligent supervision (Count IV, against the supervisors); and failure to provide adequate medical treatment (Count V, against Moving Defendants). Plaintiff seeks monetary damages for each Count, including compensatory damages, punitive damages, and attorney's fees. In response to Moving Defendants' motion to dismiss, this Court dismissed all counts except for Count I individual-capacity claims against Korneman, Crews, and the officers to the extent they are based on their actual knowledge and Count V against the officers.

Moving Defendants now move for summary judgment on all remaining claims. Plaintiff has abandoned Count I and thus analysis in this order will be based on Count V. Plaintiff opposes Moving Defendants' motion. The parties' arguments are addressed below.

## II. LEGAL STANDARD

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of identifying "the basis for its motion, and must identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (cleaned up). If the moving party makes this showing, "the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." *Id*. (quotation marks omitted). If there is a genuine dispute as to certain facts, those facts "must be viewed in the light most favorable to the nonmoving party." *Id*.

## III. DISCUSSION

### A. Count I- Failure to Use Adequate Procedures, Deliberate Indifference And/Or Gross Negligence As To Moving Defendants

Plaintiff argues that a reasonable jury could believe that the Moving Defendants were sufficiently culpable for the injuries suffered by Deboe. Moving Defendants counter that Plaintiff has failed to present evidence sufficient to show either the objective or subjective requirements for a claim of deliberate indifference.

"[T]he Eighth Amendment encompasses an inmate's right to be protected from harm by fellow inmates." *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). "In order to establish an eighth amendment failure-to-protect claim, a plaintiff must show that the prison official was deliberately indifferent to a

3

'substantial risk of serious harm.'" *Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007) (quoting *Farmer*, 511 U.S. at 828). In establishing this failure to protect claim, a prisoner must satisfy two requirements:

> [O]ne objective and one subjective. The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious; i.e., whether the inmate is incarcerated under conditions posing a substantial risk of serious harm. The second requirement is subjective and requires that the inmate prove that the prison official had a sufficiently culpable state of mind.

*Walls v. Tadman*, 762 F.3d 778, 782 (8th Cir. 2014) (quotation marks and citations omitted).

Here, the Court agrees with Moving Defendants. To try and show Moving Defendants had a culpable state of mind, Plaintiff relies on evidence that Logan had a history of violence, multiple inmates claimed in interviews after the attack that they knew the attack was going to happen, and that some officials in the prison were aware that Logan had made a call stating the leg of a desk could be used to make a weapon.

However, none of the evidence presented by Plaintiff rises to the standard of demonstrating that any of the Moving Defendants had a culpable state of mind. No evidence was presented establishing that the Moving Defendants knew of the call where Logan referenced potentially making a weapon. Plaintiff also fails to present evidence that the Moving Defendants were aware that the desk used to make the weapon was damaged before the attack. Plaintiff attempts to demonstrate this culpability by stating that Moving Defendants "should have been aware of any modifications to a sergeant's desk, or any piece of institutional furniture for that matter." (Doc. #80, p. 11.) However, this inference is not enough to meet the high standard to establish an Eighth Amendment failure-to-protect claim.[2]

---

[2] The Eighth Circuit has held that negligence is not equivalent to deliberate indifference. *See Schaub v. Von Wald*, 638 F.3d 905, 914–15 (8th Cir. 2011) ("Deliberate indifference is equivalent to criminal law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." (internal quotes omitted)).

4

At most, the evidence presented by Plaintiff shows gross negligence by the Moving Defendants.  However, even gross negligence fails to meet the required standard here.  *See Tucker v. Evans*, 276 F.3d 999, 1002 (8th Cir. 2002) (Neither negligence, nor gross negligence is sufficient to prove a violation of constitutional rights with a failure-to-protect claim); *Patterson v. Kelley*, 902 F.3d 845, 852 (8th Cir. 2018) ("Mazzanti's conduct represents—at most—gross negligence, which falls short of deliberate indifference as a matter of law.")  Additionally, even if knowledge of Logan's violent background was known by some members of the prison staff, that does not show the Moving Defendants had actual knowledge that Logan presented a significant risk of harm to Deboe.  *Lenz v. Wade*, 490 F.3d 991, 995-96 (8th Cir. 2007) (providing that "a single incident, or series of isolated incidents" does not constitute a substantial risk of harm).

Thus, under the applicable facts and law, Plaintiff cannot establish a claim for an Eighth Amendment violation for deliberate indifference to a serious risk of harm.  Moving Defendants are entitled to summary judgment.

## IV.   CONCLUSION

For the reasons stated above, Moving Defendants Motion for Summary Judgment.  (Doc. #74.) is GRANTED.  Plaintiff's claims are DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: <u>December 12, 2022</u>